1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   CHRISTOFFER LEE (CABN 280360)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7241
7       FAX: (415) 436-7234
        christoffer.lee@usdoj.gov
8
    Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                         SAN JOSE DIVISION
12

13   UNITED STATES OF AMERICA,              )   NO. 5:20-MJ-71153-MAG
                                            )
14           Plaintiff,                     )
                                            )   STIPULATION AND REQUEST TO CONTINUE
15       v.                                 )   STATUS CONFERENCE/PRELIMINARY
                                            )   HEARING, AND EXCLUDE TIME UNDER THE
16   HOANG DUC BUI,                         )   SPEEDY TRIAL ACT FROM SEPTEMBER 17,
                                            )   2020 TO SEPTEMBER 22, 2020 AND
17                                          )   [PROPOSED] ORDER
             Defendant.                     )
18
     ───────────────────────────────────
19

20           The United States charged Defendant Hoang Duc Bui with 18 U.S.C. § 1708 (Theft of Mail) via

21   criminal complaint.  Defendant has been arraigned on the criminal complaint and detained following a

22   hearing.  The parties are currently scheduled for a status on preliminary hearing for September 17, 2020

23   before the Court.  Counsel for the United States and counsel for Mr. Bui now jointly stipulate and

24   request to continue the September 17, 2020 status conference on preliminary hearing in the instant

25   matter until September 22, 2020 at 10:30, or to a subsequent date deemed appropriate by the Court.  The

26   requested continuance is necessary to afford defense counsel time to review the discovery in the case.

27           The parties further stipulate and request that, under the Speedy Trial Act, the Court exclude the

28
     STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE/PRELIMINARY
     HEARING, AND TO EXCLUDE TIME AND [PROPOSED] ORDER
     Case No. 5:20-mj-71153-MAG                                              v. 7/10/2018

time from September 17, 2020 to the new date of the next status conference to allow for effective preparation of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The parties further stipulate and agree that the ends of justice served by excluding time from September 17, 2020 to the date of the next status conference from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).  Given the need to review the discovery in the case, counsel for Mr. Bui represents that good cause also exists for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1(d) and hereby consents on behalf of Mr. Bui to the requested continuance, to the extensions of time for the preliminary hearing and for the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above).  See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).  Counsel for the United States likewise consents to the extensions and joins in the requests.

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

**IT IS SO STIPULATED.**

Dated:  9/16/2020

DAVID L. ANDERSON
United States Attorney

___/s/_____
**CHRISTOFFER LEE**
Assistant United States Attorney

___/s/_____
**DEJAN GANTAR**
Counsel for Defendant Hoang Duc Bui

1

**[PROPOSED] ORDER**

2      Based upon the facts set forth in the stipulation of the parties and for good cause shown, the

3  Court finds that failing to exclude the time from September 17, 2020 until September 22, 2020 would

4  unreasonably deny defense counsel and the defendant the reasonable time necessary for effective

5  preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The

6  Court further finds that the ends of justice served by excluding the time from September 17, 2020 until

7  September 22, 2020 from computation under the Speedy Trial Act outweigh the best interests of the

8  public and the defendant in a speedy trial.

9      Therefore, with the consent of the defendant, and taking into account the public interest in the

10  prompt disposition of criminal cases, based on the parties' showing of good cause, the Court finds good

11  cause exists for extending the time limits for a preliminary hearing under Federal Rule of Criminal

12  Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act

13  (based on the exclusions set forth above).  See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

14      With the consent of the parties, IT IS HEREBY ORDERED that the time from September 17,

15  2020 until September 22, 2020 shall be excluded from computation under the Speedy Trial Act.  18

16  U.S.C. § 3161(h)(7)(A), (B)(iv) and the time limits for conducting a preliminary hearing are extended

17  under Rule 5.1(d) of the Federal Rules of Criminal Procedure.  The date for status and preliminary

18  hearing in the case is reset to September 22, 2020, at 10:30 a.m.

19

20      **IT IS SO ORDERED.**

21

22  DATED:   September 16, 2020

23                                                                        HON. VIRGINIA K. DEMARCHI
                                                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE/PRELIMINARY
HEARING, AND TO EXCLUDE TIME AND [PROPOSED] ORDER
Case No. 5:20-mj-71153-MAG                                                  v. 7/10/2018